UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:13-cv-905 |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| v. | ) | |
| | ) | **VERIFIED COMPLAINT IN** |
| One Million, Two Hundred Sixty-Four | ) | **FORFEITURE** |
| Thousand Dollars in U.S. Currency | ) | |
| ($1,264,000.00), | ) | |
| (CATS No. 13-IRS-000234), | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES plaintiff, the United States of America, by Steven M. Dettelbach, United States Attorney for the Northern District of Ohio, and Guillermo J. Rojas, Assistant U.S. Attorney, and files this Verified Complaint in Forfeiture, respectfully alleging, on information and belief the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

I. **NATURE OF ACTION AND JURISDICTION**

1.    This is an action to forfeit seized property to the United States.  The seized One Million, Two Hundred Sixty-Four Thousand Dollars in U.S. Currency ($1,264,000.00),

(CATS No. 13-IRS-000234), hereinafter referred to as "defendant currency," was lawfully seized from the business address of Ohio Scrap Corporation at XXXX U.S. 20A, Delta, Ohio 43515, by Internal Revenue Service Criminal Investigation (IRS-CI). The funds constituting the defendant currency are presently in the custody of the federal government and are in a U.S. Department of Treasury Suspense Account.

2.     This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3.     This Court has in rem jurisdiction over the defendant properties pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district; and pursuant to 28 U.S.C. § 1395, because the action accrued in this district.

5.     The Court will have control over the defendant properties pursuant to the service of an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Fed. R. Civ. P. G(3)(c).

## II.    BASIS OF FORFEITURE

6.     The United States repeats and realleges paragraphs 1-5.

7.     Under 31 U.S.C. § 5313(a) and its implementing regulations, including 31 C.F.R.

2

1010.306(a)(3), 1010.311, 1010.313, financial institutions must file a report with the Commissioner of Internal Revenue on currency and other financial transactions in excess of $10,000.00.   In the case of currency transactions, this report is called a Currency Transaction Report, or CTR.

8.        Under 31 C.F.R. 1010.100(xx), "a person structures a transaction if that person, acting alone, or in conjunction with, or on behalf of, other persons, conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under 1010.311, 1010.313, 1020.315, 1021.311 and 1021.313 of this chapter." Making multiple financial transactions in amounts equal to or less than $10,000.00, in order to evade relevant reporting requirements, is an example of structuring under Section 1010.100(xx).

9.        Structuring is prohibited under 31 U.S.C. § 5324(a)(3), which provides that no person shall structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

10.        Civil forfeiture of property involved in structuring is authorized under 31 U.S.C. 5317(c)(2), which provides that "[a]ny property involved in a violation of section 5313, 5316, or 5324 of this title [31 U.S.C. §§ 5313, 5316, or 5324], or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code."

11.        The defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) as property involved in a violation of 31 U.S.C. § 5324(a)(3), or a conspiracy to commit such a

violation, or property traceable to such violation or conspiracy.

### III.  FORFEITURE COUNT:  FORFEITURE PURSUANT TO 31 U.S.C. §5317(c)(2), AS PROPERTY INVOLVED IN A VIOLATION OF 31 U.S.C. § 5324(a)(3)

12.    The United States repeats and realleges paragraphs 1-11.

13.    Starting in approximately 2012, Internal Revenue Service, Criminal Investigation Division ("IRS-CI"), conducted an investigation into possible structuring and tax evasion violations committed by Todd Zappone and spouse Carrie Zappone.

14.    Todd and Carrie Zappone presently own and operate Ohio Scrap Corporation, which previously operated as Superior Towing and Dad's Auto Parts.

15.    IRS-CI obtained and reviewed bank records from five bank accounts maintained by Todd and Carrie Zappone at Fifth Third Bank dated between mid-2009 and January 2011.  Of these five bank accounts, one is a joint personal account (Acct. No. XXX3484), and two are business accounts in the name of Ohio Scrap Corporation (Acct. Nos. XXX0391 and XXX4718) (collectively "subject accounts").

16.    The bank records obtained by IRS-CI Special Agent Jason Failing indicate that Carrie Zappone, personally, made frequent cash withdrawals from the subject accounts by negotiating checks drawn on those accounts and written to cash.  Those checks do not contain any memos or otherwise reference their purpose.

17.    Carrie Zappone also wrote checks on the two Ohio Scrap corporation accounts payable to her son, D.Z., and an Ohio Scrap Corporation employee, M.S.  Those checks were all negotiated for currency at Fifth Third Bank.  Most or all of those checks contain memos/ notations like "money for drawer" indicating the funds were for the business.

4

18.   Records of withdrawals made from bank Accounts XXX3484 and XXX0391 during the time period April 1, 2010 through January 21, 2011, reveal banking activity consistent with structuring.  During this time period, IRS-CI observed a large number of withdrawals of cash in amounts close to, but not in excess of, $10,000.00.  The records also reveal multiple series of withdrawals consisting of two or more withdrawals on the same day in amounts not exceeding $10,000.00 but which exceeded $10,000.00 in the aggregate.  Avoidance of banking transactions in excess of $10,000.00 by making multiple smaller transactions just under $10,000.00 is evidence of structuring.

19.   IRS-CI tabulated the following based on its review of the subject accounts during the time period April 1, 2010 through January 21, 2011:

a.   Approximately 44 withdrawals were of amounts greater than $9,000.00 but not in excess of $10,000.00.  In total, these 44 withdrawals totaled $1,133,261.08.

b.   On approximately 43 dates, a series of withdrawals were made.  While each individual withdrawal did not exceed $10,000.00, the aggregate total withdrawn on each date in question exceeded $10,000.00.  The total amount withdrawn in this manner on the 43 dates in question was $729,145.08.

c.   In April 2010, alone, Carrie Zappone, personally made 47 cash withdrawals totaling approximately $310,001.08.  None of the withdrawals were in excess of $10,000.00.

20.   IRS-CI determined that banking activity in bank Accounts XXX3484 and XXX0391, exhibiting characteristics indicative of structuring like that tabulated during the time period April 1, 2010 through January 21, 2011, continued through 2011 and part of 2012.

5

21.     On November 8, 2012, IRS-CI executed a search warrant at the business location of Ohio Scrap Corporation located in Delta, Ohio.  Pursuant to the search warrant, IRS-CI discovered the defendant currency in a safe and subsequently seized the defendant currency later the same day after obtaining a seizure warrant.

22.     IRS-CI found the defendant currency divided into separate bundles of varying amounts, with currency bands noting a date and the amount contained in each bundle.  The stamps on many of the bundles of currency seized from the safe contain dates that appear to correspond with dates of withdrawals from the subject accounts.

23.     During the execution of the search warrant at Ohio Scrap Corporation, IRS-CI interviewed Carrie Zappone, who admitted that she was aware of bank reporting requirements.

24.     By reason of the foregoing, the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2), as property involved in a violation of 31 U.S.C. § 5324(a)(3), or a conspiracy to commit such a violation, or property traceable to such violation or conspiracy, and is therefore forfeitable to the United States of America in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States of America, and providing that the defendant currency be delivered into the custody of the IRS-CI for disposition according to law, and for such other relief as this Court may deem proper.  The United States reserves the right to amend this Complaint as additional facts become known in the course of discovery or otherwise.

6

Respectfully submitted,

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY

By:   /s/  Guillermo J. Rojas
      Guillermo J. Rojas
      Assistant U.S. Attorney
      Reg. No. 0069882
      Four Seagate, Third Floor
      Toledo, Ohio 43604-2624
      Phone/Fax: (419) 259-6376/6360
      Guillermo.Rojas@usdoj.gov


                    VERIFICATION

I, Jason Failing, am a Special Agent with the Internal Revenue Service and the case agent assigned to this case.   I have read the contents of the foregoing Verified Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this   22nd   day of April, 2013.


                     /s/   Jason P. Failing
                     JASON FAILING
                     Special Agent
                     Internal Revenue Service – Criminal Investigation


Sworn to and subscribed in my presence this  22nd  day of April, 2013.


                     /s/ Gretchen E. Croniser
                     Gretchen Croniser
                     Notary Public
                     My commission does not expire.

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April  22 , 2013, the foregoing Complaint was filed electronically.

Personal Notice of this Complaint will be sent by Certified U.S. Mail to the known claimants and

counsel, listed below.  In addition, Public Notice of this Complaint will be posted for 30 days on

the government website, www.forfeiture.gov, as required by Rule G(4)(a)(iv)(C) of the Supple-

mental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Ohio Scrap Corporation
4840 U.S. 20A
Delta, OH 43515

Carrie Zappone
5923 County Road 1-2
Swanton, OH 43558

Todd Zappone
5923 County Road 1-2
Swanton, OH 43558

Gary M. Harden, Esq.
Eastman & Smith, Ltd.
One Seagate, 24th Floor
P.O. Box 10032
Toledo, OH 43699-0032
    Attorney for The Farmers & Merchants State Bank, Lienholder

Stephen D. Hartman, Esq.
Kerger & Hartman, LLC
The Bakery Building
33 S. Michigan St., Suite 100
Toledo, Ohio 43604
    Attorney for Ohio Scrap Corporation and
            Carrie Zappone

Charles Boss, Esq.
Boss & Vitou Co., L.P.A.
111 West Dudley Street
Maumee, OH 43537-2140
    Attorney for Todd Zappone

 /s/  Guillermo J. Rojas
Guillermo J. Rojas
Assistant U.S. Attorney

8