UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:13-cv-905

           Plaintiff,

v.                                             ORDER

$1,264,000.00 in U.S. Currency,

           Defendant.

Having waited over four years for the payment of fees it incurred for work on behalf of Claimants Ohio Scrap Corporation, Carrie Zappone, and Todd Cappone, Dunn Counsel PLC understandably is frustrated by having to wait longer still. To that end, Dunn has filed a motion for an order requiring the government to show cause why it should not be held in contempt for refusing to pay Dunn's portion of the Attorney Fee Fund. (Doc. No. 148).

The government contends it cannot transfer the funds, which it represents is to be paid from the Judgment Fund administered by the Department of the Treasury's Bureau of the Fiscal Service, until after the appeal filed by Ohio Scrap and the Zappones has been fully and finally resolved. (Doc. No. 149).

A party seeking sanctions for civil contempt "must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). The Sixth Circuit has held that a movant

seeking a contempt finding did not carry the movant's burden of showing the other party had knowingly violated a clear and specific command where the order in question did not provide a specific deadline for compliance. *Gascho*, 875 F.3d at 801 (citing *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994), for the "holding that an order that did not 'specif[y] a date' or command the contemnor 'to act immediately' was not definite and specific").

My earlier order did not require the government to pay out the funds immediately or by a specific date, and the government's decision to await the Sixth Circuit's resolution of the Zappones' appeal does not rise to the level of a knowing violation of a clear and specific command contained in my order. Therefore, I deny Dunn's motion. (Doc. No. 148).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge